RE: OPINION REQUEST CONCERNING 17 O.S. 40.1 (1990)
YOU HAVE BOTH ASKED FOR A LEGAL OPINION FROM THIS OFFICE CONCERNING A CONSTRUCTION OF 17 O.S. 40.1 (1990) WHICH DEALS WITH "REGIONAL SERVICE OFFICES OF THE CORPORATION COMMISSION. AS AN ANSWER TO THIS QUESTION CAN BE REACHED FROM A READING OF CLEAR STATUTORY LANGUAGE, A FORMAL OPINION DOES NOT APPEAR TO BE NECESSARY OR APPROPRIATE. I HAVE TAKEN THE LIBERTY OF PROVIDING YOU BOTH WITH AN INFORMAL OPINION ON THIS QUESTION AND THEREFORE THIS REPRESENTS AN OPINION OF THE UNDERSIGNED AND DOES NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
ESSENTIALLY, YOU BOTH HAVE ASKED WHETHER THE PARTIES TO HEARINGS BEFORE THE CORPORATION COMMISSION CAN WAIVE ANY POSSIBLE OBJECTIONS TO THE VENUE OF THEIR HEARINGS AND MUTUALLY AGREE TO HAVE A GIVEN HEARING HEARD IN EITHER THE OKLAHOMA CITY OR TULSA OFFICES. AS YOU BOTH KNOW, IN 1990 THE LEGISLATURE MANDATED THAT THE CORPORATION COMMISSION CREATE A REGIONAL SERVICE OFFICE FOR THE PURPOSE OF ACCEPTING, PROCESSING AND HEARING APPLICATIONS FOR OIL AND GAS WELL DEVELOPMENT, ADMINISTRATIVE APPLICATIONS, AND FOR ANY OTHER RELATED MATTERS. 17 O.S. 40.1. BECAUSE OF THE POPULATION LIMITS IN THIS STATUTE, I AM TOLD THAT THERE EXISTS A REGIONAL SERVICE OFFICE IN OKLAHOMA CITY AT THE MAIN OFFICE OF THE
CORPORATION COMMISSION AND A REGIONAL SERVICE OFFICE IN TULSA. THIS STATUTE FURTHER PROVIDES AS FOLLOWS:
 "B. 1. APPLICATIONS FOR OIL AND GAS WELL DEVELOPMENT, ADMINISTRATIVE APPLICATIONS AND ANY OTHER RELATED MATTERS MAY BE FILED IN ANY REGIONAL SERVICE OFFICE.
* * *
 3. ALL HEARINGS ON ANY APPLICATION INCLUDING BUT NOT LIMITED TO APPELLATE HEARINGS SHALL BE HELD IN THE REGIONAL SERVICE OFFICE WHERE THE APPLICATION IS FILED UNLESS, IN THE CASE OF A PROTESTED APPLICATION BY A RESPONDENT MINERAL OWNER, OR SURFACE OWNER HAVING STANDING TO PROTEST BY STATUTE OR BY RULE OF THE CORPORATION COMMISSION, HOLDING THE HEARING IN THE REGIONAL SERVICE OFFICE WOULD NOT BE AT THE CONVENIENCE OF SUCH RESPONDENT MINERAL OWNER, OR SURFACE OWNER." (EMPHASIS ADDED).
THREE THINGS ARE QUITE CLEAR FROM THIS STATUTE. ANY PARTY WHO FILES AN APPLICATION WITH THE CORPORATION COMMISSION CAN FILE SUCH AN APPLICATION IN EITHER THE OKLAHOMA CITY OR TULSA REGIONAL SERVICE OFFICE. THERE IS NO STATUTORY REQUIREMENT THAT APPLICATIONS CONCERNING OIL AND GAS ACTIVITY NEAR TULSA NECESSARILY BE FILED IN TULSA, AND SIMILARLY OIL AND GAS APPLICATIONS IN AREAS OF THE STATE CLOSER TO OKLAHOMA CITY DO NOT NECESSARILY HAVE TO BE FILED IN THE OKLAHOMA CITY REGIONAL SERVICE OFFICE. IT IS ALSO CRYSTAL CLEAR THAT THE VENUE FOR ANY HEARINGS INCLUDING APPELLATE HEARINGS MUST BE HELD IN THE REGIONAL SERVICE OFFICE "WHERE THE APPLICATION IS FILED". VERY CLEARLY THE PARTY INITIALLY FILING THE APPLICATION DICTATES THE VENUE FOR THAT ACTION OR CONTROVERSY AS IT PROCEEDS THROUGH THE CORPORATION COMMISSION PROCESS.
THERE IS ONE VERY IMPORTANT EXCEPTION TO THE GENERAL RULE THAT HEARINGS MUST BE HELD IN THE OFFICE WHERE FILED. ANY TIME THERE IS A RESPONDENT MINERAL OWNER OR WHERE THERE IS A SURFACE OWNER HAVING STANDING TO PROTEST THE APPLICATION (BY STATUTE OR RULE OF THE CORPORATION COMMISSION) THE HEARING MAY BE HELD IN A DIFFERENT REGIONAL SERVICE OFFICE UPON A FINDING THAT IT IS INCONVENIENT TO THE RESPONDENT MINERAL OWNER OR THE SURFACE OWNER WHO HAS STANDING TO OBJECT.
THERE IS NO PROVISION IN THE STATUTE FOR WAIVING THE REQUIREMENT THAT HEARINGS MUST TAKE PLACE IN THE REGIONAL SERVICE OFFICE WHERE THE APPLICATION IS ORIGINALLY FILED. THE POWER OF THE CORPORATION COMMISSION TO ALLOW SUCH A WAIVER MAY NOT BE IMPLIED IN THIS STATUTE WHEN THE INTENT OF THE LEGISLATURE HAS BEEN MADE SO CLEAR THAT THE HEARINGS SHALL BE HELD IN THE REGIONAL SERVICE OFFICE WHERE THE APPLICATION IS FILED. WHEN THE WORD SHALL IS USED IN A STATUTE OF THIS NATURE IT GENERALLY MEANS THAT SUCH LANGUAGE IMPLIES A MANDATORY DUTY ON THE STATE AGENCY AFFECTED. SNEED V. SNEED, 585 P.2D 1363, 1364 (OKLA. 1978).
(THOMAS L. SPENCER)